UNSEALED 6/6/11 ~JT
~~SEALED~~



MAY 31 2011

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

July 2010 Grand Jury

UNITED STATES OF AMERICA,       ) Case No. '11 CR 2193 BEN
                                )
          Plaintiff,            ) <u>I N D I C T M E N T</u>
                                )
     v.                         ) Title 18, U.S.C., Sec. 286 -
                                ) Conspiracy to File False,
NEIL A. THOMSEN (1),             ) Fictitious, and Fraudulent
SEAN K. MCNAUGHTON (2),          ) Claims; Title 18, U.S.C.,
LOUIE TORRES ARIAS (3),          ) Sec. 2 - Aiding and Abetting
KEITH E. SMITH (4),              )
                                )
          Defendants.           )
_____)

     The Grand Jury charges:

                    <u>INTRODUCTORY ALLEGATIONS</u>

     At all times pertinent to this Indictment:

     1.   The Internal Revenue Service (IRS) is an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States.

     2.   Defendant NEIL A. THOMSEN (hereinafter "defendant THOMSEN") was a tax return preparer from at least January 2002 and continuing up to and including at least June 2010. From at least January 2002 and continuing up to and including April 2007, defendant THOMSEN owned and operated a tax return preparation business in California under the

JJO:lml:San Diego
5/27/11



1

1  name Exact Tax Preparation. On or about January 12, 2008 through
2  April 15, 2008, defendant THOMSEN was employed as a tax return
3  preparer for Jackson Hewitt, a tax preparation business in
4  Chula Vista, California.
5       3.   A "Social Security Number" (SSN) is a nine-digit number
6  issued by the Social Security Administration, an independent agency
7  of the United States federal government, to U.S. citizens, permanent
8  residents, and temporary (working) residents under Section 205(c)(2)
9  of the Social Security Act.
10      4.   A "claim" includes a person making or presenting a false tax
11 return to the IRS in order to obtain a refund to which an individual
12 is not otherwise entitled.
13      5.   A "means of identification" is defined in Title 18,
14 United States Code, Section 1028(d)(7), and includes a person's name,
15 SSN, and date of birth.

Count 1

<u>CONSPIRACY TO FILE FALSE, FICTITIOUS, AND FRAUDULENT CLAIMS</u>

[18 U.S.C. § 286]

19      6.   The allegations set forth in paragraphs 1 through 5 above
20 are realleged as if fully set forth herein.
21      7.   Beginning on a date unknown to the grand jury, and
22 continuing through in or about May 2011, within the Southern District
23 of California, and elsewhere, defendants NEIL A. THOMSEN (hereinafter
24 "defendant THOMSEN"), SEAN K. MCNAUGHTON (hereinafter "defendant
25 MCNAUGHTON"), LOUIE TORRES ARIAS (hereinafter "defendant ARIAS"), and
26 KEITH E. SMITH (hereinafter "defendant SMITH"), did knowingly and
27 intentionally conspire with each other and with other persons known
28 and unknown to the grand jury to defraud the United States by

obtaining, and aiding others to obtain, the payment and allowance of false, fictitious, and fraudulent claims against the United States.

### Manner and Means of the Conspiracy

8. It was a part of the conspiracy that defendants THOMSEN, MCNAUGHTON, ARIAS and SMITH, using the means of identification of other persons, filed and caused to be filed income tax returns with the IRS that contained fraudulent claims for tax refunds.

9. It was a further part of the conspiracy that defendant THOMSEN, while in the Southern District of California, used interstate wire transmissions to submit false income tax returns to the IRS, using the means of identification of other persons, through various Internet websites, in order to obtain claims for tax refunds to which he was not otherwise entitled.

10. It was a further part of the conspiracy that defendants THOMSEN, MCNAUGHTON, ARIAS, and SMITH, discussed in telephone calls meeting and traveling from the Southern District of California to Texas, Nevada, and Arizona to file false, fictitious, and fraudulent claims against the United States.

11. It was a further part of the conspiracy that defendant THOMSEN provided to defendants MCNAUGHTON, ARIAS, and SMITH most of the means of identification of other persons, which defendant THOMSEN obtained from his prior employment as a tax preparer and other employment positions.

12. It was a further part of the conspiracy that defendant THOMSEN, and others, created false temporary California driver's licenses with the means of identification of other persons, but with a photograph of defendant THOMSEN, MCNAUGHTON, ARIAS, or SMITH.

//

13. It was a further part of the conspiracy that defendant THOMSEN, and others, created false Social Security cards with the means of identification of other persons, which were used by defendants THOMSEN, MCNAUGHTON, ARIAS, and SMITH.

14. It was a further part of the conspiracy that defendants THOMSEN, MCNAUGHTON, and ARIAS presented themselves at tax preparation businesses in Texas, where defendants THOMSEN, MCNAUGHTON, and ARIAS, using the means of identification of other persons, caused those tax preparation businesses to submit to the IRS, through interstate wire transmissions, false income tax returns containing fraudulent claims for tax refunds.

15. It was a further part of the conspiracy that defendants THOMSEN and SMITH presented themselves at tax preparation businesses in Nevada, where defendants THOMSEN and SMITH, using the means of identification of other persons, caused those tax preparation businesses to submit to the IRS, through interstate wire transmissions, false income tax returns containing fraudulent claims for tax refunds.

16. It was a further part of the conspiracy that defendant THOMSEN presented himself at tax preparation businesses in Arizona, where defendant THOMSEN, using the means of identification of other persons, caused those tax preparation businesses to submit to the IRS, through interstate wire transmissions, false income tax returns containing fraudulent claims for tax refunds.

17. It was a further part of the conspiracy that defendants THOMSEN, MCNAUGHTON, ARIAS and SMITH received the fraudulent tax refunds on debit cards, which were provided to them by the tax preparation businesses in Texas, Nevada, and Arizona.

4

18. It was a further part of the conspiracy that defendant THOMSEN used a computer to maintain electronic images of false California temporary driver's licenses, fraudulent tax forms, such as Form W-2, fraudulent Social Security cards, and other means of identification of other persons, which were used by defendants THOMSEN, MCNAUGHTON, ARIAS, and SMITH to file and cause to be filed false tax returns.

19. It was a further part of the conspiracy that defendant THOMSEN possessed false identification documents, such as California driver's licenses, which were not issued by the State of California and contained the means of identification of other persons.

20. It was a further part of the conspiracy that defendant THOMSEN possessed bank cards and credit cards, which contained the means of identification of other persons.

21. It was a further part of the conspiracy that defendant THOMSEN used a computer program to track the false claims for tax refunds and the stolen means of identification of others persons, including names and SSNs, that were fraudulently used by defendants THOMSEN, MCNAUGHTON, ARIAS, and SMITH to file false tax returns.

22. It was a further part of the conspiracy that defendant THOMSEN opened a safe deposit box at a bank in the Southern District of California in order to conceal cash, debit cards, and other identity documents that were obtained and used during the fraud.

23. Through the foregoing method and means, and the subsequent overt acts, among others, defendants THOMSEN, MCNAUGHTON, ARIAS, and SMITH defrauded and attempted to defraud the IRS out of at least $560,000 in tax refunds that defendants THOMSEN, MCNAUGHTON, ARIAS, and SMITH were not otherwise entitled.

**Overt Acts In Furtherance Of The Conspiracy**

24. In furtherance of this conspiracy and to effect and accomplish the objects thereof, the following overt acts, among others, were committed within the Southern District of California and elsewhere:

    a. On or about December 30, 2009, defendant THOMSEN entered the United States from Mexico through the San Ysidro, California, Port of Entry.

    b. From at least January 1, 2010, defendant THOMSEN rented and occupied an apartment at 801 National City Blvd., National City, California.

    c. On or about January 5, 2010, defendant THOMSEN electronically filed a false income tax return with the IRS using the name and SSN of S.C., a prior tax client of the tax preparation business in Chula Vista, California, where defendant THOMSEN worked in 2008, that contained a false claim for an income tax refund of approximately $6,708.00.

    d. On or about January 5, 2010, defendant THOMSEN electronically filed a false income tax return with the IRS using the name and SSN of J.C., a prior tax client of the tax preparation business in Chula Vista, California, where defendant THOMSEN worked in 2008, that contained a false claim for an income tax refund of approximately $6,439.00.

    e. Between January 5, 2010 and January 12, 2010, defendants THOMSEN and MCNAUGHTON, within San Diego County, communicated approximately thirty-four times by cellular telephone.

//
//

f.   Between January 5, 2010 and January 12, 2010, defendant MCNAUGHTON, within San Diego County, communicated with defendant SMITH approximately thirty-nine times by cellular telephone.

g.   On or about January 7, 2010, defendant THOMSEN electronically filed a false income tax return with the IRS using the name and SSN of A.P., a prior tax client of defendant THOMSEN, that contained a false claim for an income tax refund of approximately $5,482.00.

h.   On or about January 12, 2010, defendants MCNAUGHTON and ARIAS, within the Southern District of California, communicated approximately five times by cellular telephone.

i.   Between January 12, 2010 and January 14, 2010, defendants THOMSEN, MCNAUGHTON, and ARIAS traveled from San Diego, California to Houston, Texas.

j.   On or about January 15, 2010, defendant THOMSEN fraudulently presented himself as F.C. at a tax preparation business in Texas, and caused that tax preparation business to electronically submit a false income tax return for F.C. to the IRS that contained a false claim for an income tax refund of approximately $6,243.00.

k.   On or about January 18, 2010, defendant THOMSEN fraudulently presented himself as A.F. at a tax preparation business in Texas, and caused that tax preparation business to electronically submit a false income tax return for A.F. to the IRS that contained a false claim for an income tax refund of approximately $6,969.00.

//
//
//
//

l.   On or about January 22, 2010, defendant MCNAUGHTON fraudulently presented himself as T.C. at a tax preparation business in Texas, and caused that tax preparation business to electronically submit a false income tax return for T.C. to the IRS that contained a false claim for an income tax refund of approximately $6,441.00.

m.   On or about January 22, 2010, defendant ARIAS fraudulently presented himself as R.G. at a tax preparation business in Texas, and caused that tax preparation to electronically submit a false income tax return to the IRS for R.G. that contained a false claim for an income tax refund of approximately $6,513.00.

n.   On or about January 23, 2010, defendant MCNAUGHTON fraudulently presented himself as J.H. at a tax preparation business in Texas, and caused that tax preparation business to electronically submit a false income tax return for J.H. to the IRS that contained a false claim for an income tax refund of approximately $6,483.00.

o.   On or about January 25, 2010, defendant ARIAS fraudulently presented himself as M.S. at a tax preparation business in Texas, and caused that tax preparation to electronically submit a false income tax return for M.S. to the IRS that contained a false claim for an income tax refund of approximately $6,475.00.

p.   On or about January 26, 2010, defendant THOMSEN traveled from San Antonio, Texas to San Diego, California, and met with defendant SMITH.

q.   On or about January 28, 2010, defendant THOMSEN returned to San Antonio, Texas.

r.   Between January 29, 2010 and January 30, 2010, defendants THOMSEN, MCNAUGHTON, and ARIAS traveled from San Antonio, Texas to Las Vegas, Nevada.

1         s.   On or about February 3, 2010, defendant THOMSEN fraudulently presented himself as T.B. at a tax preparation business in Nevada, and caused that tax preparation business to electronically submit a false income tax return for T.B. to the IRS that contained a false claim for an income tax refund of approximately $5,105.00.

6         t.   On or about February 6, 2010, defendant SMITH traveled from Los Angeles, California to Las Vegas, Nevada.

8         u.   On or about February 8, 2010, defendant SMITH fraudulently presented himself as J.H. at a tax preparation business in Nevada, and caused that tax preparation business to electronically submit a false income tax return for J.H. to the IRS that contained a false claim for an income tax refund of approximately $5,105.00.

13        v.   On or about February 9, 2010, defendant SMITH fraudulently presented himself as D.T. at a tax preparation business in Nevada, and caused that tax preparation business to electronically submit a false income tax return for D.T. to the IRS that contained a false claim for an income tax refund of approximately $5,807.00.

18        w.   On or about February 18, 2010, defendant THOMSEN fraudulently presented himself as R.M. at a tax preparation business in Arizona, and caused that tax preparation business to electronically submit a false income tax return for R.M. to the IRS that contained a false claim for an income tax refund of approximately $7,444.00.

23        x.   On or about March 29, 2010, defendant THOMSEN opened safe deposit box number WOZ608 at a Chase Bank branch in San Diego, California.

//
//
//

1 | All in violation of Title 18, United States Code, Sections 286 and 2.
2 | DATED: May 31, 2011.

A TRUE BILL:

_Lee [signature]_
Foreperson

LAURA E. DUFFY
United States Attorney

By: _[signature]_
JOSEPH ORABONA
Assistant U.S. Attorney